**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 625-3893
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHRYSTAL RICCIARDO, as Parent of "MC", a Disabled Minor Child, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| STARBUCKS CORPORATION, A Washington Corporation, DOES I -X; ROE CORPORATIONS I -X. | |
| Defendant. | |

The Plaintiff Chrystal Ricciardo, on behalf of her minor child, "MC" (Name withheld for privacy purposes) (Plaintiff is hereinafter referred to as "MC") by and through her attorney, Jenny L. Foley, Ph.D., Esq., and Marta Kurshumova, Esq., of HKM Employment Attorneys LLP hereby complains and alleges as follows:

## JURISDICTION

1. This is an action for damages arising under The Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et. seq ("ADA") which prohibits discrimination on the "basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations" offered by a place of public accommodation; Nevada Revised Statutes 651.050-120, and various other causes of action as outlined herein.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1343(a) (4) (civil rights action). Additionally this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. Upon information and belief, all material allegations relative to the named defendants contained in this Complaint occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

4. At all relevant times, Defendant Starbucks was engaged in interstate commerce and therefore subject to the provisions of the statues outlined herein.

**PARTIES**

5. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

6. Plaintiff Chrystal Ricciardo, the natural mother of MC, a disabled minor child, is a citizen of the State of Nevada and a resident of Clark County, Nevada.

7. At all relevant times, Defendant Starbucks was a Washington Corporation, doing business in Clark County, Nevada.

8. MC is a disabled individual within the meaning of the Americans with Disabilities Act of 1990 and NRS 651.050-120.

9. The ADA defines a "disability" as a physical or mental impairment that substantially limits one or more of the major life activities of such individual, a record of such impairment, or being regarded as having such impairment 42 U.S.C. §12102(2); 28 C.F.R. §36.104.

10. "Physical or mental impairment" is defined as any "mental or psychological disorder such as…emotional or mental illness."  28 C.F.R. §36.104.

11. "Major life activities" include, but are not limited to, "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working."  Id.

12. Furthermore, "[a] person is considered an individual with a disability…when the individual's important life activities are restricted to the conditions, manner, or duration under which they can be performed in comparison to most people." 28 C.F.R. Part 36, App. B. §.36.104.

13. MC suffers from Tourette Syndrome ("TS"), a disability within the meaning of the ADA.

14. TS is an inherited, neurological disorder characterized by repeated and involuntary body movements and uncontrollable vocal sounds.

15. MC also suffers from one of the most socially stigmatizing symptoms of TS called coprolalia, the involuntary outburst of obscene words or socially inappropriate and derogatory remarks. Id.

16. MC's coprolalia manifests itself through his involuntary use of the words "toe slut", "fucking toe slut" "fucking whore" and/or "fucking slut"

17. MC's involuntary outbursts are especially pronounced because of his echolalia, which is characterized by a compulsive repetition of words.

18. An ordinary observer might recognize that MC's vocal tics are unintentional and involuntary behavior because they are uttered in a louder tone and different vocal pitch than normal conversational speech.

19. In addition, MC suffers from occasional involuntary motor movements.

20. MC carries a card stating that he has TS.

21. Starbucks owns, leases or operates a coffee shop, a place of public accommodation within the ADA at various locations throughout the United States and abroad and in particular, the location at issue in this lawsuit.

22. In late August/early September, 2018 MC began visiting the Starbucks location at College and Horizon in Henderson, Nevada.
23. The location is large stand-alone location with ample seating in both its indoor and outdoor seating spaces.
24. Upon information and belief, all of the regular employees at this location of Starbucks were aware that MC suffers from TS.
25. MC and his school tutor, Tyson visited the Starbucks approximately once per week until December 13, 2018 when, for reasons unknown to MC until later, he was summarily ejected from Starbucks.
26. On the day in question, the Manager approached MC and Tyson and stated that MC had to leave the premises.
27. The ostensible reason for the ejection was that there had been a patron complaint regarding MC's verbal tics.
28. MC showed the manager his card, stating that he had TS.
29. Tyson also informed the manager that MC suffers from TS.
30. The manager continued to insist that MC leave the premises after acknowledging that MC had TS and that TS caused him to have uncontrollable verbal tics.
31. Starbucks discriminated against MC within the meaning of the ADA when its management insisted that MC leave the property.
32. Upon information and belief, the store manager consulted with the district manager before deciding to discriminate against a disabled minor.
33. The event occurred shortly after school, when the location was especially busy, visited by a number of MC's school-mates, all of whom witnessed MC's intentional humiliation at the hands of Starbucks.

**FIRST CAUSE OF ACTION**
**(Violation of the Americans with Disabilities Act and NRS 651.050 et. seq.)**

34. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

35. MC is a disabled person within the meaning of the ADA.
36. MC suffers from Tourette Syndrome ("TS"), a disability within the meaning of the ADA.
37. Starbucks owns, leases or operates a coffee shop, a place of public accommodation within the ADA at various locations throughout the United States and abroad and in particular, the location at issue in this lawsuit.
38. Starbucks discriminated against MC within the meaning of the ADA when its management insisted that MC leave the property thereby depriving him of the "opportunity… to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. Sect. 12182(b) (1) (A) (i)
39. Due to its illegal actions, Defendant must pay actual damages in an amount to be determined at trial to compensate Plaintiff for *inter alia,* financial loss, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life pursuant to NRS 651.090.
40. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Starbucks violated his rights under the ADA and therefore, is entitled to recover reasonable attorney's fees against Defendant pursuant to the ADA and NRS 651.090.

**SECOND CAUSE OF ACTION**
**(Intentional/Negligent Infliction of Emotional Distress)**

41. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.
42. Defendants' conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.
43. Defendants' conduct was extreme, outrageous, and undertaken with either intent or, reckless disregard for causing Plaintiff emotional distress.

44. Defendants had a duty to refrain from engaging in the hostile and retaliatory acts as described above.

45. Defendants breached that duty.

46. Defendants intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

47. Defendants must pay damages in an amount to be determined at trial but exceeding $25,000 for compensatory damages for, *inter alia* emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because it engaged in illegal actions.

48. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

49. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred as a result of these violations and therefore, he is entitled to recover reasonable attorney's fees against Defendants.

Dated:  February 19, 2019

**HKM EMPLOYMENT ATTORNEYS, LLP**

By: /s/ *Jenny Foley*
JENNY L. FOLEY, PHD., ESQ.
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
MARTA D. KURSHUMOVA
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 625-3893
*Attorney for Plaintiff*